# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 34 | **DATE** | 7/8/2003 |
| **CASE TITLE** | Jump vs. TL Dallas | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, Reliance and TL Dallas's motion to dismiss (11-1) is granted. Worldwide's motion to dismiss (13-1) is denied. Plaintiff's motion for default judgment and Schaeffer's motion to quash (18-10 are denied. All other pending motions (16-1, 20-1) are terminated. Worldwide and Schaeffer are directed to answer the complaint within 14 days of this order. The case is set for a status hearing on 7/29/03 at 9:30 a..m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 03 JUL 16 PM 5: 23 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. JUMP and<br>BRIAN JUMP, | ) )<br>) | |
| Plaintiffs, | ) )<br>) | |
| vs. | ) | **Case No. 03 C 34** |
| | ) | |
| TL DALLAS (SPECIAL RISKS) LTD,<br>RELIANCE NATIONAL INSURANCE<br>CO. (EUROPE) LTD,<br>SCHAEFFER & ASSOCIATES<br>INTERNATIONAL INSURANCE<br>BROKERAGE INC., and<br>WORLDWIDE MARINE UNDERWRITERS, | )<br>)<br>)<br>)<br>)<br>)<br>) | JUL 17 2003 |
| | ) | |
| Defendants. | ) | |

JUL 17 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs William Jump and Brian Jump filed this lawsuit *pro se* after a claim they filed

with their insurance company was denied. They have sued Worldwide Marine Underwriters,

allegedly their insurance agent; Schaeffer & Associates, the broker that placed the insurance;

Reliance National Insurance Co. (Europe) Ltd., the underwriter; and TL Dallas (Special Risks)

Ltd., the underwriter's agent. TL Dallas has moved to dismiss for lack of personal jurisdiction

and insufficient process. Reliance and Worldwide have moved to dismiss for failure to state a

claim. The Jumps have moved for entry of a default judgment against Schaeffer, which in turn

has moved to quash service.

30

## BACKGROUND

The complaint alleges the following factual scenario. Plaintiffs are boating enthusiasts. In 1999, they contacted Worldwide (located in Michigan) to insure their boat, a fever power cruiser. Although they are Illinois residents, the Jumps informed Worldwide that they intended to use the boat in Arizona and Nevada and thus required coverage that would permit use of the boat in those states and almost year-round. Although it is not completely clear from the complaint or briefs, it appears that Worldwide contacted defendant Schaeffer (located in Georgia), which in turn placed the insurance with Reliance, the underwriter (or perhaps with TL Dallas, Reliance's agent), on behalf of plaintiffs and Worldwide. Reliance and TL Dallas are both United Kingdom entities. Plaintiffs say they were told that an "extended trailering" provision in the policy – allowing them to use, store, and trailer the boat anywhere in the United States – would suit their purposes. The policy also contained a one-year time limitation on suit and a New York choice of law provision. The Jumps purchased the policy, paid all premiums, and renewed it a year later. Upon renewal, plaintiffs were reassured that the policy's coverage was adequate for their needs.

On February 7, 2001, the Jumps' boat was stolen. Both Schaeffer and Worldwide assured plaintiffs that the theft was covered under the policy, although they apparently expressed some confusion as to who actually had underwriten the policy. Shortly thereafter, plaintiffs were informed that their underwriter was Reliance and that TL Dallas would handle their claim. Schaeffer continued to reassure plaintiffs that the policy covered the theft and informed plaintiffs that it had contacted Reliance regarding their claim.

Around March 12, 2001, the Jumps received a letter from TL Dallas denying their claim.

2

The reason given for the denial was that when stolen, the boat was allegedly not stored according to the policy's requirements. Compl. at 8. Despite the claim's denial, Worldwide and Schaeffer continued to represent to plaintiffs that the extended trailering provision was supposed to cover the theft. *Id.* Schaeffer even wrote a letter to TL Dallas in an attempt to persuade the underwriter to pay on the policy. *Id.* Schaeffer then informed the plaintiffs that TL Dallas did not recognize the extended trailering clause as providing coverage under the circumstances of the theft.

Plaintiffs allege breach of contract, stating that the extended trailering provision was illusory and simply a ploy to sell the policy. They allege that the storage clause effectively wiped out the extended trailering provision, which they contend was supposed to modify the policy to provide greater coverage while the boat was on the trailer than the "standard" policy would have provided. They also allege negligence in that defendants failed to procure the coverage that plaintiffs requested. Compl. at 9.

## DISCUSSION

When considering a motion to dismiss for failure to state a claim, we accept the plaintiffs' allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construe any ambiguities in the complaint in plaintiffs' favor. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). *Pro se* complaints are to be liberally construed "and not held to the stringent standards expected of pleadings drafted by lawyers." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). The Court will grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## A. Reliance's Motion to Dismiss

Reliance moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiffs failed to commence this action within one year following their boat's theft, as required by the policy. The Jumps' policy contains a time limit for filing suit: "No suit or action on this Insuring agreement for the recovery of any claim shall be sustainable . . . unless commenced within one (1) year from the date of the happening or the occurrence out of which the claim arose. . . ." Reliance and TL Dallas Br. in Support of Mot. to Dismiss, Ex. B (insurance policy) (hereinafter "Policy") ¶ 9(v).[1] The theft occurred on February 7, 2001, and the Jumps filed this suit on January 3, 2003 – almost two years after the boat was stolen and one year after the limitation period expired. Under New York law, a one-year suit limitation in an insurance contract is enforceable. *See Biltman Const. Corp. v. Ins. Co. of N. Am.*, 66 N.Y.2d 820 (1985); *Carat Diamant Corp. v. Underwriters at Lloyd's, London*, 506 N.Y.S.2d 708, 710 (App. Div. 1986). Plaintiffs' action as to Reliance is therefore time barred unless plaintiffs claim an extension, waiver or estoppel. *See id.*

In their response to Reliance's motion, plaintiffs contend that the "defendants" waived the limitation clause and are estopped from asserting a limitation defense.[2] Although plaintiffs allege

---

[1] Although plaintiffs did not attach a copy of the policy to their complaint, defendants attached the policy to their briefs. A court may consider documents a defendant attaches to a motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim. *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). We also note that plaintiffs attached various documents to their response briefs. Other than the policy and cover notes, the Court did not consider those documents in ruling on Reliance or Worldwide's 12(b)(6) motions. Even if we had, however, the outcomes would not be different.

[2] Although plaintiffs cite Illinois law on the subject, New York law applies as between Reliance and plaintiffs pursuant to the policy's choice of law provision. Policy ¶ 12.

that Worldwide and Schaeffer continued to insist, even after the claim's denial, that the policy covered the theft, the complaint contains no allegations supporting a waiver of the policy's time limitation. Waiver is "an intentional relinquishment of a known right and should not be lightly presumed." *Gilbert Frank Corp. v. Federal Ins. Co.*, 525 N.Y.S.2d 793, 795 (N.Y. 1988). Even under a generous reading of the complaint, the Jumps do not allege any representations or conduct *on the part of Reliance* from which "a clear manifestation of intent by defendant to relinquish the protection of the contractual limitations period" could reasonably be inferred. *Id.*

Nor do plaintiffs' allegations support estoppel. Under New York law, an insurer is estopped from asserting the suit limitation if the insured can establish that the insurer "lulled . . . [the insured] into sleeping on its rights under the insurance contract." *Id.* The insurer must have misled the insured into "a reasonable belief that it did not need to commence a legal action." *Ins. Co. of N. Am. v. UNR Indus.*, 92 C 4236, 1994 WL 106060, at *2 (S.D.N.Y. Jan. 11, 1994). Plaintiffs do not allege that Reliance itself took any actions that would mislead plaintiffs into believing that the claim would be honored without resort to litigation. *See Carat Diamond*, 506 N.Y.S.2d at 547. To the contrary, Reliance, by way of TL Dallas, denied the claim in March, 2001, leaving plaintiffs ample time to file suit before the limitation period expired.

Even assuming that Worldwide acted as Reliance's agent, thus allowing plaintiffs to attribute to Reliance Worldwide's representations that the claim should be paid, the result is no different. Plaintiffs' reliance on any alleged representation or misrepresentation by Worldwide as allowing them to hold off suing could not be justifiable. In light of the claim's outright denial and Schaeffer's statement that the insurer refused to recognize the extended trailering provision as covering the theft, nothing Worldwide said or did possibly could have given the Jumps a

5

reasonable belief that they did not have to file suit. *Cf. Brown v. Royal Ins. Co.*, 620 N.Y.S.2d 399, 400 (App. Div. 1994) (insurer's delay in investigating a claim "does not excuse the plaintiff from timely commencing an action"); *Carnegie Hill 90th St, Inc. v. Greater NY Mut. Ins. Co.*, 706 N.Y.S.2d 417, 417-418 (App. Div. 2000) (insured not "lulled" by insurer's participation in negotiations when amount recoverable under policy was disputed); *see also McCormick*, 230 F.3d at 325 (a plaintiff can plead himself out of court by pleading facts that undermine the allegations of the complaint).

Plaintiffs also maintain that they were given the run-around regarding the identity of their actual insurer and thus did not know within the limitation period whom to sue. Even if defendants were less than forthcoming about the insurer's identity, this would still not support an estoppel. First, if anything, such conduct should have alerted plaintiffs all the more that a lawsuit might be necessary. Second, Reliance is clearly identified on the insurance policy's cover note.

In sum, because plaintiffs filed suit after the expiration of the contractual limitation period and because they have not alleged conduct on behalf of Reliance that could support a claim of waiver or estoppel, the Court grants Reliance's motion to dismiss.

## B.  Worldwide's Motion to Dismiss

Worldwide also moves to dismiss pursuant to Rule 12(b)(6), saying that the Jumps' failure to comply with the requirements of the insurance policy – including the one-year limitation on filing suit – bars their claim against Worldwide as well. As an initial matter, Worldwide is not entitled to take advantage of the policy's limitation. The policy states: "This is a legally binding insurance contract between you and us. . . ." Policy ¶ 2. "You" refers to the Jumps, and "us" "refer[s] to the insurers named on the declaration page or accompanying

schedule of insurers." *Id.* ¶ 1(a), (b). Looking to the policy's "cover note," the only underwriter listed is Reliance. In fact, on the policy attached to Worldwide's brief, the name "Worldwide" appears nowhere on the cover note.[3] The one year limitation applies only as between the parties to the contract – plaintiffs and Reliance. It is therefore no bar to the Jumps' claims against Worldwide.

Although Worldwide seems to concede in its reply brief that it cannot avail itself of a limitation defense as such, it argues that the limitation provision nonetheless protects it from suit. Worldwide describes itself as an insurance broker. Worldwide's Reply Br. at 3. It claims that if an insured fails to comply with a policy's requirements, a broker cannot be liable for failing to obtain the proper coverage.[4] By not suing within the contractual period, Worldwide says, the Jumps failed to fulfill a precondition to recovery under their policy. For this reason, Worldwide maintains, it cannot be held liable for any failure on its part to procure the proper coverage. It may be true that a failure by the Jumps to comply with the conditions for recovery under the policy – such as the provision for appropriate storage – ultimately might bar their claims' success against Worldwide, though we cannot make that determination on a motion to dismiss. Worldwide, however, has cited no authority for the proposition that an insured's failure to file suit within the limitation period presents such a bar. In fact, this argument does not make a great

---

[3]Worldwide's name does appear on a version of the cover note that plaintiffs attached to their response to Reliance and TL Dallas's motion. But this version, however, also lists Reliance as the underwriter and merely refers to Worldwide as the "agent" and therefore does not alter the outcome. Pls.' Resp. to Defs.' Mot. to Dismiss, Unmarked Ex. (appearing between brief and Ex. A).

[4]Worldwide cites Illinois law for this proposition. It is not entirely clear, however, which state's law governs the Jumps' claims against Worldwide.

deal of sense to the Court. If the factual predicate for the Jumps' claim against Worldwide is accurate, then the company should have secured a policy that ultimately would have provided coverage for the Jumps' loss. In that event, no suit would have been necessary; the claim would have been paid. Under the circumstances, we cannot say that the Jumps' failure to file a timely suit against the insurer should present a bar to their claim against Worldwide.

Plaintiffs allege that Worldwide did not procure the insurance it had agreed to obtain for them. Compl. at 9. This Court can dismiss their claim only if "it appears beyond doubt that the plaintiff[s] can prove no set of facts" that might entitle them to relief. *Conley*, 355 U.S. at 45. We cannot say that plaintiffs will be unable to prove that they entered an agreement with Worldwide to provide coverage that would have covered the loss they suffered and that Worldwide failed to do so. Worldwide's motion to dismiss is therefore denied.

### C.     TL Dallas's Motion to Dismiss

Defendant TL Dallas has moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). When a defendant challenges a court's exercise of personal jurisdiction, the plaintiff bears the burden of showing that jurisdiction exists. *Steel Warehouse v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In determining whether we have personal jurisdiction over a defendant, the Court may consider affidavits submitted by the parties. *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). Unless controverted by the defendant's affidavits, the allegations in the complaint are to be accepted as true. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

Because this is a diversity suit, this Court may exercise jurisdiction over TL Dallas only

to the extent that an Illinois court could do so. *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995). Under Illinois law, personal jurisdiction exists based on certain enumerated bases, such as "the transaction of any business" within the state, 735 ILCS 5/2-209(a)(1), as well as "any other basis" permitted under the Illinois and United States Constitutions. *Id.* 5/2-209(c). Because Illinois courts have not elucidated any "operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," the two constitutional analyses collapse into one. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002). Federal due process permits personal jurisdiction over nonresident individuals and corporations only when the defendant has had "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "What that standard means in a particular case depends on whether the state asserts 'general' or 'specific' jurisdiction." *RAR*, 107 F.3d at 1277. General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum state; specific jurisdiction means that the plaintiff's claims "arise[ ] out of or relate[ ] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8-9, 416 (1984). Plaintiffs have not alleged that TL Dallas has had systematic contacts with Illinois. We therefore consider whether circumstances warrant our exercise of specific jurisdiction over TL Dallas.

To determine whether specific jurisdiction exists, we must decide whether TL Dallas has "purposefully established minimum contacts" within Illinois. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). TL Dallas has submitted the affidavit of Alexander Thomas, TL

Dallas's Director and Marine Claims Manager. The affidavit states that TL Dallas is a British company and owns no property, has no offices or employees, sells no products or services, solicits no business, and has no agents in Illinois. Thomas Aff. ¶¶ 3-9. The affidavit describes TL Dallas as an agent who places insurance in the United Kingdom for insurance underwriters, such as defendant Reliance – its fully disclosed principal. *Id.* ¶ 10. In its motion to dismiss, TL Dallas disavows "any contacts whatsoever" with the state of Illinois. Reliance and TL Dallas Br. in Support of Mot. to Dismiss at 6.

Plaintiffs have filed no affidavits asserting contradictory facts. We are therefore left to examine the jurisdictional contentions contained in the complaint and in plaintiffs' response to TL Dallas's motion to dismiss. Most of the allegations group the defendants together, without identifying who did what. For example, plaintiffs allege that all "defendants have carried out an act of business" in Illinois, that plaintiffs "entered into an insurance agreement and policy with the defendants," and that "defendants told the plaintiffs, right after their boat was stolen, that they were covered." Compl. at 2, 3, 5. It is clear from the complaint, however, that the defendants did not act in unison. For example, plaintiffs allege that they did not learn of TL Dallas and Reliance's roles in their insurance coverage until after their boat was stolen. Compl. at 5 ("The defendants informed the plaintiffs that the [underwriter] company was Reliance . . . and that the company who represented them would handle the claims. The defendants informed the plaintiffs the claim would be handled by TL Dallas . . . .").

Moreover, plaintiffs do not identify any specific acts undertaken by TL Dallas that would tend to show that it purposefully availed itself of this forum. In response to TL Dallas's motion and affidavit, plaintiffs offer only that the name TL Dallas appears on the cover note to their

10

policy and that Schaeffer, plaintiffs' broker, contacted TL Dallas requesting that plaintiffs' claim be paid. Even if these allegations were to establish circumstantially that TL Dallas was a party to the insurance contract, a foreign party's making of a contract with an in-state party "is not enough to establish the requisite minimum contacts." *RAR*, 107 F.3d at 1276 (citing *Burger King*, 471 U.S. at 478). "Rather, 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' must indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant." *Id.* (quoting *Burger King*, 471 U.S. at 479).

None of the facts identified by plaintiffs indicate that TL Dallas made any sort of purposeful contact with Illinois. *See generally World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 289, 297 (1980). There is no indication that TL Dallas reached out into Illinois to create a contractual relationship. "Crucial to the minimum contacts analysis is showing that the defendant 'should reasonably anticipate being haled into court [in the forum State],' because the defendant has 'purposefully avail[ed] itself of the privilege of conducting activities' there." *RAR*, 107 F.3d at 1276 (quoting *Burger King,* 471 U.S. at 474-75) (alterations in original). Because plaintiffs do not point to any specific actions taken by TL Dallas that reflect that it purposefully availed itself of the privilege of conducting activities in Illinois, they cannot overcome TL Dallas's jurisdictional challenge. *Turnock*, 816 F.2d at 333. We therefore dismiss plaintiffs' claims against TL Dallas for lack of personal jurisdiction.

### D.     Schaeffer's Motion to Quash and Plaintiffs' Motion for Default

Plaintiffs have moved for a default judgment against Schaeffer for failing to respond to

the complaint. Schaeffer has moved to quash service. On January 15, 2003, Janet Schaeffer was served with summons and the complaint. The complaint's caption names as a defendant "Schaeffer & Associates International Insurance Brokerage, Inc.," which happens to be the name on the broker's letterhead and on the Jumps' "renewal quote." Jump Reply to Motion to Quash Service, Exs. A, B. The summons names "Schaeffer and Associates International Insurance Brokerage, Ltd." Schaeffer's brief asserts, however, that Janet Schaeffer is the registered agent and sole operator of "Schaeffer and Associates Insurance Brokerage, Inc."

Because of these discrepancies, Schaeffer maintains that service should be quashed. Schaeffer argues that although summons was delivered to Janet Schaeffer, plaintiffs have sued a non-existent entity. This is not, however, a valid objection to service, and in view of the corporate name on the documentation plaintiffs received, Schaeffer's objection is not clearly meritorious in any event. Schaeffer's motion to quash is therefore denied. Plaintiffs' motion for default judgment is also denied.[5]

---

[5]Plaintiffs may wish to consider amending the complaint to name the supposedly proper party.

**CONCLUSION**

For the reasons stated above, Reliance and TL Dallas's motion to dismiss [No. 11-1] is granted. Worldwide's motion to dismiss [No. 13-1] is denied. Plaintiff's motion for a default judgment and Schaeffer's motion to quash [No. 18-1] are denied. All other pending motions [Nos. 16-1, 20-1] are terminated. Worldwide and Schaeffer are directed to answer the complaint within 14 days of this order. The case is set for a status hearing on July 29, 2003, at 9:30 a.m.

MATTHEW F. KENNELLY
United States District Judge

Date:   July 8, 2002